## The Lee Lash Co., Inc., v. The Trissler Electrical Shop.

*Contract—Construction of words "any or all of fifty-two weeks."*
Where a statement set forth that the suit was founded on a written contract to deliver for the defendant a certain service "for any or all of 52 weeks," and that the defendants notified the plaintiff, after part of the fifty-two weeks' service had been delivered and paid for, that they canceled the contract, to which the plaintiff refused consent, the statement is insufficient to sustain a suit for any part of the charge for the balance of the service, as the defendant could, under the wording of the contract, terminate the contract any time after one week.

Affidavit of defence raising question of law. C. P. Lancaster Co., Jan. T., 1924, No. 45.

*Geo. Ross Eshleman*, for plaintiff.—Where a contract does not fix a limit to its duration, it can be terminated only by mutual consent: 13 Corpus Juris, 604.

*B. F. Davis*, for defendant.—Under the wording of the contract, either party could terminate it any time.

LANDIS, P. J., June 20, 1925.—The plaintiff claims to recover the sum of $140 and interest. The contract attached to the statement, dated Jan. 20, 1923, and signed by the defendant, provides that the plaintiff company shall "place our advertisement 44 x 37 inches on the Olio Drop of the Colonial Theatre, Lancaster, Pa., for any or all of 52 weeks' service from the date of first exhibition of the advertisement or the termination of any existing contract between us." The body of the statement says "for any *and* all of 52 weeks' " service, but this is evidently a mistake, as the word "or" is used in the agreement and not "and." It is alleged that the whole sum due was $200 and that $60 was paid on account; but how these amounts were arrived at is not stated. It is, however, conceded in the statement that, after the $60 was paid, the defendants notified the plaintiff that they desired to cancel the agreement, but that the plaintiff refused to consent, and the advertisement was continued and the said sum of $140 is due and owing.

It seems that if the defendants had the right to cancel the agreement, then, on the face of the pleadings, the plaintiff, having been paid in full up to the time of cancellation, cannot claim any amount as due to it, and this involves the meaning of the words "for any or all of 52 weeks' service." We think that the true meaning conveyed thereby is not that there shall be an advertisement for fifty-two weeks under all circumstances, but that the defendants should have the right to suspend it after one week, whenever they thought proper. If this conclusion is correct, then there can be no recovery in this case.

From this point of view, we enter judgment in favor of the defendants.
Judgment for defendants.

From George Ross Eshleman, Lancaster Pa.